SEMNAR & HARTMAN, LLP
Babak Semnar, Esq. (SBN 224890)
Jared M. Hartman, Esq. (SBN 254860)
Laurel N. Holmes (SBN 308515)
41707 Winchester Road, Suite 201
Temecula, CA 92590
(951) 293-4187 Telephone
(888) 819-8230 Facsimile

Attorneys for Plaintiff,
JOHN SNOW

## IN THE U.S. DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SNOW,<br><br>    PLAINTIFF,<br><br>vs.<br><br>ADT, LLC; and DOES 1 through 100, inclusive.<br>    DEFENDANTS, | Case No:<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL FOR VIOLATIONS OF:<br><br>1.  FAILURE TO PAY OVERTIME COMPENSATION<br>2.  FAILURE TO PROVIDE COMPLIANT WAGE STATEMENTS<br>3.  FAILURE TO PAY TIMELY EARNED WAGES<br>4.  FAILURE TO PAY CALIFORNIA MINIMUM WAGE<br>5.  FAILURE TO REIMBURSE BUSINESS EXPENSES<br>6.  UNFAIR COMPETITION PRACTICES<br>7.  RETALIATION FOR ENGAGING IN THE RIGHTS OF AN EMPLOYEE (§ 98.6)<br>8.  RETALIATION FOR REPORTING ILLEGAL ACTIVITY (§1102.5)<br>9.  RECOVERY OF PENALTIES PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT (Labor Code § 2698 *et seq.*)<br>10.  AGE DISCRIMINATION |

JOHN SNOW ("PLAINTIFF") hereby complains against ADT, LLC ("DEFENDANT ADT"), DOES 1 THROUGH 100, and each of them, and alleges as follows:

## I.      GENERAL ALLEGATIONS

1.      In 2014, the California Department of Industrial Relations (DIR) and the Department of Labor Standards Enforcement (DLSE) initiated a campaign, entitled "Wage Theft is a Crime," in pursuit of its "mission […] to protect California's workers with comprehensive labor laws and enforcement focused on businesses that intentionally skirt the law."

2.      A U.S. Department of Labor study of fiscal year 2012 shows that wage theft totaled $280 million.

3.      Moreover, public policy in California has long favored the full and prompt payment of wages due to an employee.

4.      Pursuant to Labor Code Private Attorney General Act ("PAGA"), §§ 2698, 2699 of the California Labor Code, PLAINTIFF brings this Represented (non-class) action against DEFENDANT ADT for wage and hour violations of the California Labor Code and the Industrial Welfare Commission Wage Orders (the "IWC Wage Orders"), all of which contribute to DEFENDANT ADT'S deliberate unfair competition.

5.      PLAINTIFF, on behalf of himself and all Represented Employees, brings this action seeking reimbursement, penalties, restitution, injunctive and other equitable relief, reasonable attorneys' fees, and costs.

6.      PLAINTIFF alleges that DEFENDANT ADT, by and through any sole proprietors, owners, shareholders, officers, directors, members and managing agents, and alter egos, and Does 1 Through 100 (inclusive "DEFENDANTS"):

- failed to pay PLAINTIFF overtime compensation;
- failed to pay PLAINTIFF wages in a timely manner;
- failed to pay PLAINTIFF at least minimum wage;

COMPLAINT

- failed to fully reimburse all business expenses to California employees who were required to use their own vehicle for business use.
- issued PLAINTIFF non-complaint wage statements;
- forced PLAINTIFF to incur waiting-time penalties;
- violated the Unfair Competition Law in an effort to increase profits and to gain an unfair business advantage at the expense of PLAINTIFF and the public;
- retaliated against PLAINTIFF for reporting illegal activity by DEFENDANT ADT dealers and physical threats;
- retaliated against PLAINTIFF for requesting proper pay, overtime compensation, and recording of his hours worked;
- DEFENDANT committed the same or similar labor code violations against similarly situated and aggrieved employees;
- discriminated against PLAINTIFF on account of his age by assigning less profitable territory and subjecting him to multiple transfers.

7.     The foregoing acts and other acts by DEFENDANTS violated provisions of the Labor Code, the UCL, PAGA, applicable wage orders, other laws and regulations, and PLAINTIFF'S rights.

## **JURISDICTION & VENUE**

8.     This action arises out of DEFENDANTS' violations of California Law, over which the U.S. District Court has original jurisdiction pursuant to complete diversity and satisfaction of the amount in controversy under 28 U.S.C. §1332.

9.     PLAINTIFF is a citizen of the State of California.

10.     DEFENDANT ADT is a limited liability company organized and registered within the State of Delaware, and with its principal place of business in the State of Florida.

11.     Each member of DEFENDANT ADT, as a limited liability company, is a citizen of a states (or states) other than PLAINTIFF, and are, therefore, completely diverse to PLAINTIFF.

12.     However, DEFENDANT ADT maintains a place of business in the City of Riverside, County of Riverside, employs workers within its office in the City of Riverside, County of Riverside California, and maintains a registered agent for service of process in the State of California. As such, DEFENDANT purposely avails itself of business opportunities in California and has, therefore, consented to California jurisdiction in relation to those activities conducted and effectuated within the State of California and the County of Riverside.

13.     Because tortious and wrongful conduct occurred while PLAINTIFF worked for DEFENDANTS' location in the County of Riverside and witnesses reside within the County of Riverside, venue properly lies with this Court.

14.     PLAINTIFF alleges damages and penalties for all wrongful conduct that are in excess of $75,000.

## II.     THE PARTIES

15.     PLAINTIFF is, and at all times mentioned herein was, a competent adult residing in the State of California.

16.     PLAINTIFF is an "aggrieved employee" because PLAINTIFF was employed by the alleged violators, DEFENDANTS, and had one or more of the alleged violations committed against PLAINTIFF, and therefore is properly suited to represent the interests of other current and former similarly situated and aggrieved employees.

17.     PLAINTIFF is a representative employee of the aggrieved California Employees who have been denied full reimbursement of reasonable and necessarily-incurred business expenses, including but not limited to mileage reimbursement.

18.     PLAINTIFF is a representative employee of the aggrieved California

1   Employees who have not been paid overtime rates for all overtime hours actually
2   worked.

3        19.    PLAINTIFF is informed and believes, and based thereon alleges, that
4   DEFENDANTS were, at all times relevant herein, the owner, shareholder, sole
5   proprietor, superintendent, officer, director, manager, and managing agent of
6   DEFENDANT.

7        20.    DEFENDANTS are subject to Labor Code and other California law
8   including, but not limited to, Cal. Bus. & Prof. Code sections 17200, *et seq*., and
9   the applicable Wage Order(s) issued by the Industrial Welfare Commission.

10       21.    At all times herein mentioned, each DEFENDANT participated in the
11  doing of the acts and omissions herein alleged, were acting within the purpose,
12  course and scope of said agency and/or employment to have been done by the
13  named DEFENDANTS.  Further, DEFENDANTS, and each of them, were the
14  agents, managing agents, servants, employees, alter-egos, co-conspirators, joint-
15  ventures, partners, successors in interest and predecessors in interest of each of the
16  other DEFENDANT.

17       22.    At all times herein mentioned, each DEFENDANT was acting within
18  the purpose, course and scope of said agency and/or employment so as to invoke
19  vicarious liability and *respondeat superior* liability among other theories of liability
20  to hold DEFENDANTS liable and responsible for the injuries and damages to
21  PLAINTIFF.

22       23.    At all times herein mentioned, each DEFENDANT was a member of
23  and engaged in a joint venture, partnership and common enterprise, and acting
24  within the purpose, course and scope of, and in pursuit of, said joint venture,
25  partnership and common enterprise.

26       24.    At all times herein mentioned, the acts and omissions of various
27  DEFENDANTS contributed to the various acts and omissions of each and all of the
28  other DEFENDANTS in proximately causing the injuries and damages as herein

COMPLAINT

1    alleged.

2          25.    At all times herein mentioned, DEFENDANTS, including all

3    DEFENDANTS' managing agents, officers and directors, had advanced knowledge

4    of and/or ratified each and every act or omission complained throughout this

5    complaint.  At all times relevant herein, each DEFENDANT and/or their managing

6    agents, officers or directors committed and/or participated in the wrongful acts and

7    omissions complained of throughout this complaint or ratified such acts and

8    omissions.  At all times herein mentioned, each DEFENDANT aided and abetted

9    the acts and omissions of each and all of the other DEFENDANTS in proximately

10   causing the damages as herein alleged.

11         26.    PLAINTIFF is informed and believes and thereon alleges that at all

12   times herein mentioned DEFENDANT ADT and DOES 1 through 100, are and

13   were individuals, sole proprietorships, corporations, business entities, persons, and

14   partnerships, licensed to do business and/or actually doing business in the State of

15   California.

16         27.    The true names and capacities, whether individual, corporate, associate

17   or otherwise of the DEFENDANTS named herein as DOES 1 through 100, are

18   unknown to PLAINTIFF at the time.   PLAINTIFF therefore sues said

19   DEFENDANTS by such fictitious names pursuant to § 474 of the California Code

20   of Civil Procedure.  PLAINTIFF will seek leave to amend the Complaint to allege

21   the true names and capacities of DOES 1 through 100 when their names are

22   ascertained.  PLAINTIFF is informed and believes, and based thereon alleges, that

23   each of the DOE DEFENDANTS is in some manner liable to PLAINTIFF for the

24   events and actions alleged herein.

25         28.    PLAINTIFF is informed and believes, and on that basis alleges, that

26   each DEFENDANT sued in this action, including each DEFENDANT sued by the

27   fictitious names DOES 1 through 100, inclusive, is responsible and liable in some

28   manner for the occurrences, controversies and damages alleged below.

COMPLAINT

29. All references to "DEFENDANT", "DEFENDANTS", "DEFENDANT ADT", "company", "company's", "employer" or any similar language, whether singular or plural, shall mean "DEFENDANTS, and each of them" when used throughout this Complaint.

### III.   FACTUAL ALLEGATIONS

30. From at least four years before the filing of this action and continuing to the present, and pursuant to company policy and/or practice and/or direction, PLAINTIFF is informed and believes, and based thereon alleges, that PLAINTIFF and other commission-based employees did not receive all of their overtime compensation and wages.

31. Pursuant to DEFENDANT ADT'S policies, PLAINTIFF and similarly situated aggrieved employees worked more than 40 hours per week.

32. PLAINTIFF and similarly situated aggrieved employees were not exempt from Wage Order regulations, because more than 50 percent of their working hours were spent at their regular place of business.

33. DEFENDANT ADT failed to pay PLAINTIFF and its commission-based California employees at least minimum wage for all hours actually worked.

34. DEFENDANT ADT failed to pay its commission-based California employees overtime wages of 1.5 times their regular rate of pay for all hours worked over eight hours per day or 40 hours per week.

35. DEFENDANT ADT failed to keep accurate record keeping of all hours worked each work period for PLAINTIFF and its commission-based California Employees.

36. Because of the illegal policies implemented by DEFENDANT ADT, PLAINTIFF and similarly situated employees were not paid time and a half for all of the overtime hours they worked.

37. Upon information and belief, DEFENDANT ADT'S employees, including PLAINTIFF and similarly situated Represented Employees, did not

receive wage statements with all of the required information set forth under Labor Code § 226 from DEFENDANT ADT, and the information provided was inaccurate.

38.     Specifically, upon information and belief, DEFENDANT ADT violated various provisions of § 226, including but not limited to subdivisions (a)(1), (a)(2), (a)(3), (a)(4), (a)(5), (a)(6), (a)(7), (a)(8), and (a)(9) by failing to provide PLAINTIFF with compliant itemized statements as required under Labor Code § 226.

39.     The above-mentioned inaccuracies and the failure to provide PLAINTIFF and the similarly situated and aggrieved employees with wage and earning statements caused injury to PLAINTIFF and aggrieved employees within the meaning of Labor Code § 226.

40.     To date, DEFENDANT ADT has not paid PLAINTIFF all of his wages due and payable to him, in an amount, to be proven at trial.

41.     On or about January of 2015, PLAINTIFF began employment for DEFENDANT ADT in the position of Sales Representative for the North County San Diego territory, which was a potentially lucrative territory for Plaintiff.

42.     At the time of his hiring, PLAINTIFF was misclassified as an employee "exempt" from applicable Wage Orders.

43.     Since he began working in this position, PLAINTIFF has spent less than 51 percent of his working hours engaged in the duties of actively selling to customers, but he has spent more than 51 percent of his working hours at his regular place of business.

44.     However, PLAINTIFF has not been paid minimum wage for all hours worked and has not been paid overtime wages at an amount of 1.5 times his regular rate for hours worked in excess of eight hours per day or forty hours per week from 2015 through present.

45.     Thus, during pay periods where PLAINTIFF'S commission did not

represent a total equaling at least California minimum wage, his paycheck did not include all wages owed for the identified pay period.

46.     Timely payment cannot be cured, as DEFENDANT ADT was aware of California minimum wage requirements and the nature and distribution of PLAINTIFF'S duties.

47.     On information and belief, other similarly situated employees who have also been misclassified as exempt employees, but who spend more than 51 percent of their time at their regular place of business, have also suffered from similar violations.

48.     On information and belief, other commission-based employees who have also been misclassified as exempt employees are not paid at least one and a half times the minimum wage for all hours actually worked based on their commission pay.

49.     The failure to pay means that the amounts of wages owed were not timely paid and DEFENDANT ADT is subject to damages and penalties under this section.

50.     PLAINTIFF also has not been given accurate itemized wage statements for each pay period, because the statements given to PLAINTIFF did not accurately reflect all wages owed, hours worked, overtime owed, and premium pay due to PLAINTIFF.

51.     On information and belief, other employees who are also misclassified as exempt employees have suffered from similar violations.

52.     At the time of offering the position to PLAINTIFF, DEFENDANT ADT deliberately and grossly overstated the earning potential of the commission-based position offered to PLAINTIFF to induce him to accept the position and expend uncompensated time working for DEFENDANT ADT.

53.     On information and belief, the false representations were deliberately used to induce other aggrieved employees into accepting the position and

COMPLAINT

unknowingly agreeing to work for less than minimum wage for DEFENDANT ADT.

54.     Furthermore, PLAINTIFF and other similarly-situated employees are required to drive personal vehicles for work on a daily basis.

55.     However, since at least 2015, PLAINTIFF and other similarly situated employees have not been fully reimbursed for all miles necessarily driven in performing job duties.

56.     PLAINTIFF and other aggrieved employees are required, and are expected to engage in, social and community functions to develop relationships for potential clientele for DEFENDANT ADT as a necessary function and duty of their position.

57.     However, DEFENDANT ADT has repeatedly refused to reimburse for the required expenses and losses PLAINTIFF and other aggrieved employees have suffered in the discharge of such duties.

58.     PLAINTIFF requested that he be paid for unpaid reimbursement for mileage driven in his personal vehicle, which was necessary to complete his job duties.

59.     DEFENDANT ADT retaliated against PLAINTIFF for requesting his unpaid reimbursement by changing PLAINTIFF'S working conditions by moving him to sales territories that are further away geographically, have fewer potential customers, less affluent customers, and are less dense in population, which means PLAINTIFF is less likely to complete sales in such territories, build a network of viable clientele in such territories, and to in turn make commissions in such territories.

60.     PLAINTIFF has since been assigned to DEFENDANT ADT'S Riverside County location, and has been assigned to the less lucrative territories covered by that office.

61.     PLAINTIFF also reported that the dealers for DEFENDANT ADT

1    products and services were operating without a license.

2        62.    PLAINTIFF reasonably believed that operating without a license was

3    illegal activity, and as such his reporting of such conduct was a protected activity.

4        63.    DEFEDANT ADT in turn issued PLAINTIFF a written disciplinary

5    warning for making the report.

6        64.    Based on information and belief, DEFENDANT has a pattern and

7    practice of retaliating against employees who engage in protected activities such as

8    request proper reimbursement or engage in other protected activities.

9        65.    Additionally, throughout his tenure since hiring, PLAINTIFF has

10   experienced multiple transfers to territories around Southern California.

11       66.    At the age of 72, PLAINTIFF is the oldest employee in a similar

12   position working for DEFENDANT, and possibly the oldest employee of

13   DEFENDANT ADT.

14       67.    On the basis of information and belief, in addition to assigning the less

15   desirable territories to PLAINTIFF as retaliation for PLAINTIFF engaging in

16   protective activities, which are the territories farther away and with less stable

17   customer base and are less likely to generate sales and, in turn, are less likely to

18   generate commissions DEFENDANT ADT has also assigned these transfers to

19   PLAINTIFF on the basis of age.

20       68.    While giving PLAINTIFF, the oldest employee, the more remote and

21   sparsely populated territories with less affluent clientele, DEFENDANT ADT has

22   also given the more favorable, higher earning, and more stable territories to the

23   significantly younger employees.

24       69.    Because DEFENDANT ADT has transferred PLAINTIFF multiple

25   times on the basis of age, he has had less opportunity to working in the higher value

26   areas he was hired for and has therefore had less opportunity to build client

27   networks within a particular territory because of the impermanence of his

28   assignment.

COMPLAINT

70.   DEFENDANT ADT has a pattern and practice of not transferring younger workers, and management has stated that they see PLAINTIFF as more easily reassigned to the less favorable areas because of his age.

71.   Additionally, PLAINTIFF has been forced to incur increasing business driving expenses to perform his job due to the discriminatory transfers to more remote territories based on his age.

72.   Since DEFENDANT ADT has failed to properly reimburse such business expenses, or pay at least minimum wage and overtime owed for all hours worked, PLAINTIFF is suffering ongoing injury due to the discriminatory transfers based on age.

73.   PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANT ADT has engaged in other illegal and wrongful acts, which are currently unknown to PLAINTIFF.  Upon discovery of such acts, PLAINTIFF will amend this complaint to allege these unknown illegal and wrongful acts and omissions committed by DEFENDANT ADT.

74.   As a result of the above unlawful actions, DEFENDANT ADT has gained an unfair competitive advantage over law-abiding companies complying with the Labor Code and applicable IWC Wage Orders.

75.   Furthermore, as a direct and proximate result of the above unlawful actions, PLAINTIFF and other similarly situated aggrieved Employees have suffered and continue to suffer loss of wages, expenses, and earnings in amount yet ascertained, but subject to proof at trial.

76.   Additionally, PLAINTIFF has suffered emotional distress and mental anguish, including but not limited to, fear, worry, anxiety, loss of sleep, loss of confidence, loss of sense of self-worth, sadness, and nervousness.

### **REPRESENTATIVE ACTION (PAGA) CLAIMS**

77.   On information and belief, current and former employees of DEFENDANT ADT were subject to wage and hour violations by DEFENDANT

1  ADT, including, but not limited to, DEFENDANT ADT'S failure to pay all wages
2  due to PLAINTIFF and similarly aggrieved employees in California.

3       78.    California law provides that an employee may file an action against
4  an employer for penalties in connection with violations of the Labor Code and
5  Wage Orders provided the aggrieved employee file an action on behalf of himself
6  and/or similarly situated current and former employees.

7       79.    At all material times, DEFENDANTS were employers of all other
8  aggrieved employees', or were persons acting on behalf of employers of
9  aggrieved employees, within the meaning of California Labor Code § 558, who
10  violated or caused to be violated, a section of Part 2, Chapter 1 of the California
11  Labor Code or any provision regulating hours and days of work in any Order of
12  the Industrial Welfare Commission and, as such, are subject to penalties for each
13  underpaid employee as set for in Labor Code § 558.

14                    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

15       80.    As to THE claims related to age discrimination, PLAINTIFF
16  submitted his request for Right To Sue with the Department of Fair Employment
17  and Housing ("DFEH") on **August 29, 2018**.

18       81.    As to penalty claims under the Private Attorney General Act
19  ("PAGA"), PLAINTIFF, via counsel, sent the statutorily required correspondence
20  to the LWDA via electronic submission on **October 17, 2018,** indicating that
21  PLAINTIFF intends to pursue the PAGA claims alleged in this Complaint.

22       82.    PLAINTIFF also delivered copies of the PAGA Notice to
23  DEFENDANT ADT at its headquarters in Boca Raton, Florida via certified U.S.
24  Mail, return receipt requested, which was then received by DEFENDANT ADT
25  on October 23, 2018.

26       83.    A period of at least sixty-five days has expired since PLAINTIFF
27  sent the above referenced correspondence to LWDA, and LWDA has not served
28  PLAINTIFF with a notice of its intent to assume jurisdiction over the applicable

penalty claims and did not provide notice as set forth in Labor Code § 2699.3 (a)(2)(A) within the statutory period.

84.     Therefore, PLAINTIFF has exhausted his administrative remedies as required under the PAGA (Labor Code § 2698, *et seq.*).

85.     The Causes of Action alleged in this Complaint are appropriately suited for a Represented Action under the PAGA (Labor Code § 2698, *et seq.*) because:

> a.     Their action involves allegations of violations of provisions of the California Labor Code that provide for a civil penalty to be assessed and collected by the LWDA or any departments, divisions, commissions, boards, agencies or employees;

> b.     PLAINTIFF is an "aggrieved employee" because PLAINTIFF was employed by the alleged violator and had one or more of the alleged violations committed against him; and

> c.     PLAINTIFF has satisfied the procedural requirements of Labor Code § 2699.3, as set forth above.

### FIRST CAUSE OF ACTION
**Failure to Pay Overtime Compensation**
Cal. Labor Code §§ 210, 510, 1194.
**(Against All DEFENDANTS)**

86. PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

87. California law requires an employer to pay each employee accurately.  If hourly, the employer is required to compensate the employee for the actual hours worked, including all overtime compensation.  (See Cal. Labor Code §§ 210, 510, 1194)

1    88. During all times relevant, IWC Wage Order No. 4-2001 applied to
2    PLAINTIFF'S employment with DEFENDANTS.

3    89. Pursuant to Wage Order 4-2001, § 2(G) "hours worked" include the time
4    during which an employee is "subject to the control of an employer, and includes
5    all the time the employee is suffered or permitted to work, whether or not required
6    to do so."

7    90. For each hour (or fraction thereof) an employee works up to forty (40)
8    hours in a week and eight (8) hours in a day, the employer must pay the employee's
9    regular hourly wage.  For each hour (or fraction thereof) an employee works over
10   forty (40) hours in a week or in excess of eight (8) hours in a workday the employer
11   must pay the rate of one and a half times the employee's regular hourly wage.

12   91. For each hour (or fraction thereof) an employee works in excess of twelve
13   (12) hour in one day or in excess of eight (8) hours a day on the seventh consecutive
14   day of work, the employee must be compensated at the rate of no less than twice
15   the regular rate of pay for that employee.

16   92. As alleged in this Complaint, PLAINTIFF worked many hours for which
17   he was not properly compensated at an overtime rate because of DEFENDANTS'
18   unlawful policies regarding misclassifying PLAINTIFF as exempt from overtime
19   pay.

20   93. DEFENDANTS required, encouraged, and permitted PLAINTIFF to
21   work more than eight (8) hours a day and more than forty (40) hours a week, but
22   without paying him compensation at his overtime rate.

23   94. At times the amount actually paid to PLAINTIFF for work performed was
24   not at least one and a half times minimum wage per pay period based on hours
25   actually worked.

26   95. PLAINTIFF has spent more than 51% of his working time at his regular
27   place of business.

28   96. In committing, the violations of state law as herein alleged,

DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF for all wages earned and all hours worked, including overtime compensation.

97. As a direct result, PLAINTIFF has suffered, and continues to suffer, substantial losses related to the use and enjoyment of such compensation, wages, lost interest on such monies and expenses and attorney's fees in seeking to compel DEFENDANTS to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

98. As specifically stated herein, DEFENDANTS failed and refused to pay PLAINTIFF the overtime compensation required by the Labor Code and other applicable laws and regulations because DEFENDANTS incorrectly classified PLAINTIFF as "exempt."

99. PLAINTIFF has been deprived of rightfully earned and legally required overtime compensation as a direct and proximate result of DEFENDANTS' failure and refusal to pay said compensation.

100. PLAINTIFF is entitled to recover such amounts, plus interest thereon, civil penalties, liquidated damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION
**Failure to Provide Compliant Wage Statements**
California Labor Code §§ 226, 226.3, 246, 247.5
**(Against All DEFENDANTS)**

101. PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

102. Labor Code § 226 subdivision (a) requires, in pertinent part, that "Every employer shall, […] furnish each of her or her employees, […], an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, […](4) all deductions, […] (5) net wages earned, (6) the

inclusive dates of the period for which the employee is paid, (7) the name of the employee and her or her social security number, […], (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee [. . .]."  (Labor Code § 226 subdivision (a).)

103.   California Labor Code section 246(i) requires that "An employer shall provide an employee with written notice that sets forth the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either the employee s itemized wage statement described in Section 226 or in a separate writing provided on the designated pay date with the employee s payment of wages".

104.   Upon information and belief, DEFENDANTS did not provide PLAINTIFF with accurate wage statements containing all of the required and applicable information set forth under Labor Code § 226, including accurate information regarding hours of overtime worked and meal and rest break premium payments earned.

105.   PLAINTIFF and other similarly situate employees are not exempt outside salespersons under the applicable Wage Order of the Industrial Welfare Commission.

106.   DEFENDANTS failed to include accrued sick leave on PLAINTIFF'S wages statements or in a separate writing.

107.   DEFENDANTS failed to include accounting of all hours actually worked on PLAINTIF'S wage statements.

108.   The above-mentioned inaccuracies and the failure to provide PLAINTIFF with wage and earning statements caused injury to PLAINTIFF within the meaning of Labor Code § 226.

109.   As a direct, foreseeable, and proximate result of DEFENDANTS' conduct as alleged above, PLAINTIFF has suffered and continues to suffer,

substantial losses related to the inaccurate and failure to report required information on his wage statements resulting in loss of use and enjoyment of compensation, wages, lost interest on such monies and expenses and attorney's fees in seeking to compel DEFENDANTS to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of the Court.

110.   For DEFENDANTS' misconduct as alleged herein, PLAINTIFF seeks all damages, civil and statutory penalties, costs and attorneys' fees, including but not limited to those available pursuant to Labor Code §§ 226 subdivision (e) and 226.3, in an amount to be proven at trial.

<u>**THIRD CAUSE OF ACTION**</u>
**Failure to Pay Timely Earned Wages**
Cal. Labor Code §204 and/or 204b
**(Against All DEFENDANTS)**

111.   PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

112.   Pursuant to Labor Code § 204, "all wages … earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays" or on a weekly basis per Labor Code § 204b.

113.   DEFENDANTS failed to timely pay wages for all hours worked, owed wages for all overtime hours worked each pay period, and failed to pay meal and rest break premiums when applicable. PLAINTIFF still has not been fully compensated for these wages to date and the failure to pay such wages owed in a timely manner has caused irreversible injury to PLAINTIFF.

114.   Pursuant to Labor Code §§ 218.5 and 218.6, an action may be brought for the nonpayment of wages and fringe benefits.

115.   Through the above-mentioned conduct, DEFENDANTS' failure to

1  pay timely wages during employment, caused injury to PLAINTIFF. Such conduct
2  was willful or intentional within the meaning of Cal. Labor Code §210(a)(2) and
3  entitles PLAINTIFF to recover such penalties and liquidated damages.

4      116.  As a direct, foreseeable, and proximate result of DEFENDANTS
5  conduct as alleged above, PLAINTIFF has suffered and continues to suffer,
6  substantial losses related to DEFENDANT failure to pay timely wages during his
7  employment resulting in loss of use and enjoyment of compensation, loss of wages,
8  loss of business opportunity, lost interest on such monies and expenses and
9  attorney's fees in seeking to compel DEFENDANTS to fully perform their
10 obligation under state law, all to their respective damage in amounts according to
11 proof at trial and within the jurisdictional limitations of the Court.

12     117.  For DEFENDANTS' misconduct as alleged herein, PLAINTIFF seeks
13 all damages, civil and statutory penalties, costs and attorneys' fees, including but
14 not limited to those available pursuant to Labor Code §§ 210(a) and 218.5, in an
15 amount to be proven at trial.

16               **FOURTH CAUSE OF ACTION**
             **Failure to Pay California Minimum Wage**
17       Cal. Labor Code §§223, 225.5, 1194, 1194.2, 1197.1
18           **(Against All DEFENDANTS)**

19

20     118.  PLAINTIFF incorporates by reference and realleges the above
21 paragraphs as though set forth fully herein.

22     119.  Labor Code § 225.5 attaches civil penalties to an employer's failure to
23 pay wages as required by statute under Labor Code § 223.

24     120.  Labor Code § 223 requires an employer to pay a mandatory minimum
25 wage for all hours worked.

26     121.  This cause of action is based on DEFENDANTS' violation of Calif.
27 Labor Code and provides that "any employee receiving less than the legal minimum
28 wage or the legal overtime compensation applicable to the employee is entitled to

recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Cal. Labor Code §1194.

122.   For DEFENDANTS' failure to pay at least California's minimum wage for all hours actually worked, and in addition to all other remedies available, PLAINTIFF seeks "to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon." Cal. Labor Code §1194.2

123.   As PLAINTIFF spends more than 51% of his working hours at his regular place of business, and as such, is not an employee exempt from California minimum wage protections.

124.   DEFENDANTS have misclassified PLAINTIFF as an exempt employee.

125.   Due to the misclassification, DEFENDANTS failed to pay PLAINTIFF at least California's required minimum wage for hours worked, and PLAINTIFF is therefore entitled to recover compensation for all hours worked when his actual compensation did not meet or exceed what would otherwise equal minimum wage per hour for all hours actually worked.

126.   By failing to pay minimum wage per hour for all hours worked when his commission-based compensations do not exceed what would otherwise equal minimum wage, PLAINTIFF and other similarly situated employees have been deprived of rightfully earned wages as a direct and proximate result of DEFENDANTS' failure and refusal to pay said compensation and for the reasons alleged in the Complaint.

127.   As a direct, foreseeable, and proximate result of being subjected to DEFENDANTS' failure to pay minimum wage, PLAINTIFF suffered emotional distress and incurred economic injury, including but not limited to, loss of earnings, loss of use, loss of business opportunity, and loss of other employment related benefits in an amount not yet ascertained but within the jurisdiction of this Court.

128.   The grossly reckless, oppressive, and/or intentional, malicious, and bad faith manner in which DEFENDANTS engaged in those acts as described in this cause of action entitle PLAINTIFF to punitive damages against DEFENDANTS in an amount within the jurisdiction of this Court, to be ascertained by the fact finder, that is sufficiently high to punish said DEFENDANTS, deter them from engaging in such conduct again, and to make an example of them to others.  PLAINTIFF is informed and believes and based thereon alleges that the punitive conduct of said DEFENDANTS was ratified by those other individuals who were managing agents of said DEFENDANTS.  These unlawful acts were further ratified by DEFENDANTS and done with a conscious disregard for PLAINTIFF'S rights and with the intent, design and purpose of injuring PLAINTIFF.  By reason thereof, PLAINTIFF is entitled to punitive or exemplary damages in this cause of action in a sum to be determined at the time of trial.

129.   PLAINTIFF also prays for liquidated damages, interest, reasonable costs and attorney fees against DEFENDANTS, as allowed by California Labor Code §§ 218.5, 210(a), and any other applicable statutes for PLAINTIFF'S prosecution of this action, in reference to the time PLAINTIFF'S attorneys spend pursuing this cause of action.

## FIFTH CAUSE OF ACTION
### Failure to Reimburse Business Expenses
Cal. Labor Code § 2802
### (Against All DEFENDANTS)

130.   PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

131.   Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

132.   Pursuant to Labor Code §§ 218.5 and 218.6, an action may be brought

for the nonpayment of wages and fringe benefits.

133.   While discharging their duties for DEFENDANTS, PLAINITFF and similarly situated aggrieved employees have incurred necessary work-related expenses. Such expenses include, but are not limited to, mileage in an amount greater than that reimbursed by DEFENDANTS, required business expenses, and business expenses reasonably incurred in the execution of their duties and for the benefit of DEFENDANTS.

134.   DEFENDANTS failed to fully, and timely, reimburse PLAINTIFF and other similarly situated aggrieved employees for these expenditures and losses. By requiring those employees to pay expenses and cover losses that they incurred in direct consequence of the discharge of their duties for DEFENDANTS and/or in obedience of DEFENDANTS' direction or expectations, DEFENDANTS have violated and continues to violate Labor Code § 2802.

135.   By unlawfully failing to indemnify PLAINTIFF and similarly situated aggrieved employees, DEFENDANTS are liable for reasonable attorneys' fees and costs under Labor Code § 2802(c).

136.   DEFENDANTS are liable for penalties pursuant to Cal. Labor Code section 558 for failing to pay monies owed to employees.

137.   PLAINTIFF, on behalf of himself and similarly situate aggrieved employees, requests relief as described below.

138.   As a direct, foreseeable, and proximate result of being subjected to DEFENDANTS' failure to pay minimum wage, PLAINTIFF suffered emotional distress and incurred economic injury and substantial losses in an amount not yet ascertained but within the jurisdiction of this Court.

139.   The grossly reckless, oppressive, and/or intentional, malicious, and bad faith manner in which DEFENDANTS engaged in those acts as described in this cause of action entitle PLAINTIFF to punitive damages against DEFENDANTS in an amount within the jurisdiction of this Court, to be ascertained

by the fact finder, that is sufficiently high to punish said DEFENDANTS, deter them from engaging in such conduct again, and to make an example of them to others.  PLAINTIFF is informed and believes and based thereon alleges that the punitive conduct of said DEFENDANTS was ratified by those other individuals who were managing agents of said DEFENDANTS.  These unlawful acts were further ratified by DEFENDANTS and done with a conscious disregard for PLAINTIFF'S rights and with the intent, design and purpose of injuring PLAINTIFF.  By reason thereof, PLAINTIFF is entitled to punitive or exemplary damages in this cause of action in a sum to be determined at the time of trial. For DEFENDANTS' misconduct in failing to reimburse business expenses, PLAINTIFF seeks all damages, civil and statutory penalties, pre-judgement interest on damages, costs and attorneys' fees, including but not limited to those available pursuant to Labor Code § 218.5, in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION
**Unfair Competition Practices**
Cal. Bus. & Prof. Code §§ 17200, *et seq.*
**(Against All DEFENDANTS)**

140.  PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

141.  Shareholders, owners, directors, officers and/or sole proprietors misappropriated and converted to themselves for their individual advantage the unpaid wages and other monies owed to PLAINTIFF as alleged throughout this complaint.

142.  The wrongs alleged in Causes of Action One through Five were suffered by other aggrieved California employees of DEFENDANTS due to DEFENDANTS' established business practices.

143.  As a result of DEFENDANTS' unfair business practices outlined above, DEFENDANTS have reaped unfair benefits and illegal profits at the

expense of PLAINTIFF, other aggrieved employees, and members of the public.

144.   DEFENDANTS' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over DEFENDANTS' competitors. DEFENDANTS should be made to disgorge their ill-gotten gains and restore such monies to PLAINTIFF.

145.   PLAINTIFF has suffered injury in fact and lost money or property because of the aforementioned unlawful and unfair competition practices by DEFENDANTS.

146.   PLAINTIFF is also informed and believes, and based thereon alleges, that the unlawful, unfair and fraudulent business practices described above present a continuing threat to members of the public in that PLAINTIFF and other former employees of DEFENDANTS continue to be deprived access to complete and accurate payroll records and wages.

147.   Further, such skirting of the California labor laws presents a threat to the general public in that the enforcement of the labor laws is essential to ensure that all California employers compete equally and that no California employer receives an unfair competitive advantage at the expense of its employees

148.   DEFENDANTS' unfair business practices entitle PLAINTIFF to seek preliminary and permanent injunctive relief, including but not limited to, orders that DEFENDANTS account for, disgorge and restore to PLAINTIFF the compensation unlawfully withheld by them and for which they were unjustly enriched.

149.   As a direct, foreseeable, and proximate result of being subjected to DEFENDANTS' unfair competition, PLAINTIFF suffered emotional distress and incurred economic injury and substantial losses in an amount not yet ascertained but within the jurisdiction of this Court.

150.   The grossly reckless, oppressive, and/or intentional, malicious, and bad faith manner in which DEFENDANTS engaged in those acts as described in

this cause of action entitle PLAINTIFF to punitive damages against DEFENDANTS in an amount within the jurisdiction of this Court, to be ascertained by the fact finder, that is sufficiently high to punish said DEFENDANTS, deter them from engaging in such conduct again, and to make an example of them to others.  PLAINTIFF is informed and believes and based thereon alleges that the punitive conduct of said DEFENDANTS was ratified by those other individuals who were managing agents of said DEFENDANTS.  These unlawful acts were further ratified by DEFENDANTS and done with a conscious disregard for PLAINTIFF'S rights and with the intent, design and purpose of injuring PLAINTIFF.  By reason thereof, PLAINTIFF is entitled to punitive or exemplary damages in this cause of action in a sum to be determined at the time of trial.

**SEVENTH CAUSE OF ACTION**
**Retaliation for Engaging in Rights of an Employee**
Cal. Labor Code § 98.6, *et seq*.
**(Against all DEFENDANTS)**

151.  PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

152.  At all times herein mentioned, California Labor Code Sections 98.6, et seq. were in full force and effect and were binding on DEFENDANTS.

153.  This cause of action is based on California Labor Code section 98.6 which prohibits an employer from retaliating or discriminating against an employee who exercises their employment rights, including but not limited to requesting proper payment of wages and requesting full reimbursement of incurred business expenses.

154.  As alleged above, PLAINTIFF was subjected to retaliation after and because he complained to DEFENDANTS about its failure to reimburse him for unpaid expenses and because he reported what he reasonably believed to be illegal activity (dealers operating without a license).

155.   DEFENDANTS retaliated against PLAINTIFF by assigning him to less favorable territories to work and by issuing him a written disciplinary demerit.

156.   As a direct, foreseeable, and proximate result of the above-alleged misconduct, PLAINTIFF suffered economic and emotional distress damages in an amount to be proven at trial.

157.   As a further proximate result of the above-alleged misconduct, PLAINTIFF lost employment benefits, including wages and fringe benefits, in an amount to be proven at trial.

158.   By reason of the foregoing, PLAINTIFF has been left without an adequate remedy at law and should be entitled to appropriate injunctive relief from this Court to be proven at trial.

159.   As a further proximate result of the above-alleged misconduct, PLAINTIFF was required to and did retain attorneys and is therefore entitled to an award of attorneys' fees according to proof.

160.   In doing the things herein alleged, DEFENDANTS are guilty of oppression, fraud and malice, and, insofar as the things alleged were attributable to employees of DEFENDANTS, said employees were employed by DEFENDANTS with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or DEFENDANTS authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of DEFENDANTS all entitling PLAINTIFF to the recovery of exemplary and punitive damages.

**EIGHTH CAUSE OF ACTION**
**Retaliation for Reporting Illegal Activity**
Cal. Labor Code §1102.5
**(Against All DEFENDANTS)**

161.   PLAINTIFF re-alleges and incorporates by reference the foregoing

allegations as though set forth fully herein.

162.   This cause of action is based on California Labor Code section 1102.5, including but not limited to, subsection §1102.5(a) which prohibits employers from adopting or enforcing any rule preventing an employee from disclosing information to "another employee who has authority to investigate, discover, or correct the violation or noncompliance, […] if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation[.]"

163.   Additionally, "an employer, or person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, […] if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation[.]" Cal. Labor Code § 1102.5(b)

164.   Similarly, "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." Cal. Labor Code § 1102.5(c).

165.   PLAINTIFF reported to DEFENDANTS that dealers associated with DEFENADANTS were operating without a license.

166.   PLAINTIFF reported to DEFENDANTS that sales leads within his assigned territory were being unlawfully diverted to independent dealers associated with DEFENDANTS.

167.   PLAINTIFF reasonably believed that he was reporting illegal conduct in the course of his employment.

168.   DEFENDANTS were, at all times, required by the State of California

to take all reasonable steps to prevent workplace discrimination and retaliation based on reporting illegal activity.

169.   When confronted, DEFENDANTS informed PLAINTIFF that if he didn't like it he could quit.

170.   DEFFENDANTS then subjected PLAINTIFF to retaliation by issuing a written disciplinary action to PLAINTIFF, based on their belief that he would further report unlawful conduct and discrimination by DEFENDANTS.

171.   DEFENDANTS' negligent, reckless, and intentional conduct towards PLAINTIFF constitute wrongs, deserving of all remedies to protect the public from similar wrongs, including but not limited to economic damages, emotional distress damages, loss of use, and statutory penalties.

172.   Additionally, DEFENDANTS' actions that were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure PLAINTIFF and in conscious disregard of PLAINTIFF'S rights and DEFENDANT'S obligations, which entitles PLAINTIFF to exemplary and/or punitive damages in an amount to be proven at trial.

173.   PLAINTIFF prays that each and every retaliatory act by DEFENDANTS, through the acts of its agents, and managers, is subject to, "in addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section." Cal. Labor Code § 1102.5(f).

## NINTH CAUSE OF ACTION
### Recovery of Penalties Pursuant to the Private Attorneys General Act
Cal. Labor Code § 2698, *et seq.*
### (Against All DEFENDANTS)

174.   PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

175.   As a result of the acts alleged herein, PLAINTIFF and all aggrieved

employees within the meaning of Labor Code section 2699, subdivision (c), on behalf of themselves and other current or former similarly situated employees of DEFENDANTS, seek the recovery of statutory and civil penalties against DEFENDANTS pursuant to California Labor Code including but not limited to sections 2698 et seq., for the following violations of the California Labor Code:

(a)     For failing to pay PLAINTIFF and similarly situated aggrieved employees in California wages owed for each hour worked;

(b)     For paying PLAINTIFF and similarly situated aggrieved employees in California less than the California minimum wage for regular hours worked;

(c)     For failing to pay timely wages earned to PLAINTIFF and similarly situated aggrieved employees in California;

(d)     For failing to pay PLAINTIFF and other similarly situated employees in California mandatory overtime wages of 1.5 times their regular rate of pay for every hour worked in excess of eight (8) hours per day and in excess of forty (40) hours per week;

(e)     For paying PLAINTIFF and other similarly situated employees in California less than the minimum California overtime rate for overtime hours worked;

(f)     For failing to maintain and provide to PLAINTIFF and other similarly situated employees the accurate, itemized wage statements required by Labor Code section 226 and 247.5;

(g)     For failing to keep accurate employment records for non-exempt Employees in California, including but not limited to, failing to keep accurate records of hours worked, wages earned, and sick leave accrued;

(h)     For failing to reimburse business expenses incurred by PLAINTIFF and other similarly situated employees in California;

COMPLAINT

(i)     For making false representations of possible commissions to incite PLAINTIFF and similarly aggrieved employees to work for DEFENDANTS.

176.   The above-referenced civil penalties shall include the recovery of amounts specified in the applicable sections of the Labor Code, and if not specifically provided, those under section 2699(f), and shall include those amounts sufficient to recover underpaid wages, including all necessary expenditures or losses incurred by PLAINTIFF and other similarly aggrieved employees, pursuant to Labor Code sections 204, 210, 226, 232.5, 510, 976, 1174(d), 1194, 1194.2, 1197, 1197.1, 1199, 2802, and 2699, subdivisions (a) and (f).

177.   PLAINTIFF and similarly aggrieved employees were not properly paid pursuant to the requirements of Labor Code §§ 201, 202, 203, 204, 1194,1197, 1199 and thereby seeks the unpaid wages and penalties.

178.   PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANTS have a policy of failing to timely pay such wages, and thereby willfully failed to pay wages to PLAINTIFF and other similarly aggrieved employees pursuant to the requirements of Labor Code, and therefore PLAINTIFF is entitled to the associated penalties for such unpaid wages.

179.   PLAINTIFF is informed and believe and based thereon alleges that DEFENDANTS did the misconduct alleged in this Complaint with the intent to secure for themselves a discount on its indebtedness and/or with intent to annoy harass, oppress, hinder, delay and/or defraud PLAINTIFF and similarly aggrieved employees in California.

180.   At all material times, DEFENDANTS were, and/or are, employers of PLAINTIFF and other similarly situated employees, or persons acting on behalf of said employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California

Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties as set for in Labor Code § 558 for each instance of each of the alleged violations.

181.   In committing the violations of California law as herein alleged, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate aggrieved Employees for all wages earned and all hours worked.

182.   As a direct  and proximate result of the DEFENDANTS' conduct, PLAINTIFF and other aggrieved  employees suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages, lost interest on such monies as well as expenses and attorney's fees in seeking to compel DEFENDANTS to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of their Court.

183.   Labor Code § 2699, et seq. imposes upon DEFENDANTS a penalty of one hundred dollars ($100.00) for each violation as against each aggrieved employee for the initial violation and two hundred ($200.00) for each violation as against each aggrieved employee for each subsequent violation by  employer DEFENDANTS, unless there is an alternate civil penalty specifically provided for that violation.  The exact amount of the applicable penalties is all in an amount to be shown according to proof at trial.

184.   PLAINTIFF requests an order that DEFENDANTS pay to PLAINTIFF and all aggrieved employees their respective unpaid wages, civil and statutory penalties for each and every violation against each and every aggrieved employee, interest upon unpaid wages, attorneys' fees, costs, other damages and punitive penalties, as well as other remedies in an amount to be proven at trial.

///

///

///

COMPLAINT

### TENTH CAUSE OF ACTION
**Age Discrimination**
Cal. Govt. Code § 12940(a)
**(Against All DEFENDANTS)**

185. PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

186. At all times herein mentioned, California Government Code §§ 12940, *et seq.* of the Fair Employment and Housing Act ("FEHA") and the corresponding regulations of the California Department of Fair Employment and Housing Act were in full force and effect and were binding on DEFENDANTS.

187. These sections, *inter alia*, require DEFENDANTS, as employers, to refrain from discriminating against any employee on the basis of, among other things, their age.

188. As alleged above, PLAINTIFF was subjected to a pattern and practice of age discrimination by his direct supervisors when they stated that his age makes him more readily transferrable to less favorable territories that, among other things, generate lower sales.

189. PLAINTIFF is informed and believes, that DEFENDANT ADT, as his employer, approved and ratified the discrimination.

190. As alleged above, PLAINTIFF believes and alleges that DEFENDANTS subjected him to a pattern and practice of disparate treatment in discrimination due to his age, as alleged in this Complaint.

191. DEFENDANTS are also liable because they knew or should have known of the illegal discrimination of PLAINTIFF, its employee, and failed to take immediate and appropriate corrective action, which is misconduct.

192. DEFENDANTS failed to implement and policies, procedures, or training to prevent or discover age discrimination within the company.

193. Within the time provided by law, PLAINTIFF filed a complaint with

the California Department of Fair Employment and Housing, in full compliance with the law, and has received a right to sue letter, thereby exhausting any applicable administrative remedy requisite to the commencement of this lawsuit.

194. As a proximate and legal result of the above-alleged misconduct, PLAINTIFF suffered damages including but not limited to economic and emotional distress damages in an amount according to proof.

195. As a further proximate result of the above-alleged misconduct, PLAINTIFF lost employment benefits, including wages and fringe benefits, in an amount according to proof.

196. By reason of the foregoing, PLAINTIFF has been left without an adequate remedy at law, and should be entitled to appropriate injunctive relief from this Court to be proven at trial.

197. In doing the things herein alleged, DEFENDANTS, through the acts of their agents and managers, were guilty of oppression, fraud and malice, and, insofar as the things alleged were attributable to employees of DEFENDANTS, said employees were employed by DEFENDANTS with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or DEFENDANTS authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of DEFENDANS, all entitling PLAINTIFF to the recovery of exemplary and punitive damages.

## **PRAYER**

WHEREFORE, PLAINTIFF hereby prays that the Court enter judgment in his favor and against DEFENDANT ADT and Does 1 Through 100, inclusive, collectively DEFENDANTS, and each of them, as follows:

(a) For payment of overtime compensation, minimum wage for all hours worked, reimbursement for unpaid expenses paid out of pocket by

PLAINTIFF, and other damages according to proof in an amount to be ascertained at trial;

(b)     For payment of all statutory obligations and penalties as required by law;

(c)     For civil penalties to the extent permitted by law and Labor Code §§ 2698 and 2699 *et seq.*

(d)     For an accounting, under administration of PLAINTIFF and subject to Court review;

(e)     A declaration of the rights and interests of the parties;

(f)     For prejudgment interest at the legal rate;

(g)     For attorney's fees and costs;

(h)     For restitution and disgorgement of ill-gotten profits;

(i)     For emotional distress damages;

(j)     Loss of income incurred and to be incurred according to proof;

(k)     For penalties, special damages, and general damages in an amount to be proven at trial;

(l)     For all remedies available to PLAINTIFF under the applicable Industrial Welfare Commission Order including but not limited to Wage Order Number 4-2001 and Labor Code including an award of unpaid wages, attorneys' fees, costs, interest, liquidated damages, damages, penalties and waiting time penalties according to proof to the extent permitted by law via PAGA;

(m)     For maximum civil penalties available under the Labor Code and applicable Wage Order as described more particularly in the Complaint, representative PAGA claims including the payment of wages as set forth in Labor Code § 558;

(n)     For Labor Code § 226(e) damages penalties in the amount of $4,000.00 for PLAINTIFF and each aggrieved employee pursuant to the PAGA;

COMPLAINT

(o)     That PLAINTIFF and/or the aggrieved employees be awarded reasonable attorneys' fees where available by law, including but not limited to pursuant to Labor Code §§ 2698, *et seq*., Code of Civil Procedure § 1021.5, and/or other applicable laws

(p)     For exemplary punitive damages in an amount sufficient to punish DEFENDANT for the wrongful conduct alleged herein and to deter such conduct in the future; and,

(q)     For such further relief as the Court may deem appropriate.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, PLAINTIFF is entitled to, and demands, a trial by jury.

Dated:  1-4-19

SEMNAR & HARTMAN, LLP

By: *Jared M. Hartman*
Jared M. Hartman, Esq.
Attorneys for PLAINTIFF,
JOHN SNOW

COMPLAINT