1  SEMNAR & HARTMAN, LLP
   Babak Semnar, Esq. (SBN 224890)
2  Jared M. Hartman, Esq. (SBN 254860)
   41707 Winchester Rd. Suite 201
3  Temecula, California 92590
   Telephone: (951) 293-4187
4  Facsimile: (888) 819-8230

5  Attorneys for Plaintiff
   JOHN SNOW
6

7  LONNIE D. GIAMELA, SBN 228435
   lgiamela@fisherphillips.com
8  SUZY E. LEE, SBN 271120
   slee@fisherphillips.com
9  FISHER & PHILLIPS LLP
   444 South Flower Street, Suite 1500
10 Los Angeles, California 90071
   Telephone: (213) 330-4500
11 Facsimile: (213) 330-4501

12 Attorneys for Defendant
   ADT, LLC
13

14              UNITED STATES DISTRICT COURT

15         CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

16

| 17 | JOHN SNOW, | Case No: 5:19-cv-00021-JGB-SHKx |
|---|---|---|
| 18 | Plaintiff, | **JUDGMENT** |
| 19 | v. | *Hon. Jesus G. Bernal, Courtroom 1* |
| 20 | ADT, LLC; and DOES 1 through 100, inclusive. | |
| 21 | | |
| 22 | Defendants. | Complaint Filed: January 4, 2019<br>Trial Date: Vacated |

23
24
25
26
27
28

# JUDGMENT

This matter having come before the Court on the Parties' Joint Stipulation and Request for Approval of Settlement of Claims and Dismissing Action With Prejudice ("Stipulation of Settlement"), and determining that the Settlement is fair, adequate, reasonable, and otherwise being fully informed and good cause appearing therefor, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. Judgment is entered in accordance with, and incorporates by reference, the Court's Order Granting the Joint Stipulation and Request for Approval of Settlement of Claims and Dismissing Action With Prejudice ("Order Granting Settlement Approval"). Unless otherwise provided herein, all capitalized terms used herein shall have the same meaning as defined in the Order Granting Settlement Approval and any documents referenced therein. The Court has jurisdiction over the subject matter of this lawsuit and all matters relating thereto, and over all Parties to the lawsuit.

2. The Court finds that the Settlement has been reached as a result of serious and non-collusive, arm's-length negotiations. The Court has considered the nature of the claims, the amounts to be paid in settlement, the allocation of settlement proceeds among the Aggrieved Employees and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court hereby finds the Settlement involves the resolution of a bona fide dispute, was entered into in good faith, and is fair, reasonable, and adequate. The Court therefore approves the Settlement as set forth in the Stipulation of Settlement and directs the Parties to effectuate the Settlement according to the terms outlined in the Stipulation of Settlement.

3. As of the date of this Judgment, the Plaintiff and Aggrieved Employees shall be bound by the Settlement and Release Agreement referenced in the Stipulation of Settlement. Except as to such rights or claims that may be created by the Settlement, Plaintiff and all Aggrieved Employees fully release any and all

claims for penalties under the Labor Code Private Attorneys General Act (hereinafter, "PAGA") that were asserted in the Action or that could have been asserted based on the facts alleged in the action, from October 17, 2017 through the date of Judgment.

4.  Defendant shall not be required to pay any additional amounts in connection with the Settlement other than those amounts specifically set forth in the Stipulation of Settlement however, pursuant to the Settlement, Defendant shall pay the costs of Settlement Administration separately and in addition to the Total Settlement Amount.

5.  The terms of the Settlement, the Stipulation of Settlement, Order Granting Settlement Approval, and Judgment are binding on the Plaintiff and the Aggrieved Employees, as well as their heirs, executors and administrators, successors, and assigns, and those terms shall have res judicata and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings constitute PAGA Released Claims as set forth in the Settlement.

6.  Neither this Judgment nor the Settlement (nor any other document referenced herein, nor any action taken to carry out any of the document referenced herein) is, may be construed as, or may be used as, an admission or concession by or against Defendant or the Released Parties of the validity of any claim or actual or potential fault, wrongdoing or liability. Entering into or carrying out the Settlement, and any negotiations or proceedings relate to it, shall not be construed as, or deemed evidence of, an admission or concession as to Defendant's denials or defenses and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Judgment and the Settlement; provided, however, that this Judgment and the Settlement Agreement (or any other document referenced

herein) may be filed in any action against or by Defendant or the Released Parties to support a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

7. This Action is hereby dismissed with prejudice.

8. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction over this Action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement and this Judgment.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: July 6, 2020

Hon. Jesus G. Bernal
United States District Judge